IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL KOKOSKI,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:05-0823** |
| ) | **(Criminal No. 5:92-00090 and 5:96-0064)** |
| **R. L. NORWOOD, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 7, 2005, Petitioner, acting *pro se* and then incarcerated at FCI Victorville in Adelanto, California,[1] filed a Petition for Writ of Habeas Corpus seeking relief under 28 U.S.C. § 2241 in the United States District Court for the Central District of California. (Document No. 372.)[2] By Order filed on October 5, 2005, the District Court for the Central District of California determined that by his claims that his convictions in this District in United States v. Kokoski, 5:92-0090, and in United States v. Kokoski, 5:96-0064, were obtained by fraud (Document No. 372, p. 12.), Petitioner challenges the validity of his conviction and not the manner in which his sentence was being administered. The California District Court found therefore that Petitioner's Petition for Writ of Habeas Corpus "should have been filed in the United States District Court for the Southern District of West Virginia as a motion under 28 U.S.C. § 2255" and transferred the matter to this District Court. (Document No. 371.)

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 5, 2008.

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Having examined the record in consideration of Petitioner's claims, the undersigned finds that Petitioner's Petition for Writ of Habeas Corpus amounts to a successive Motion to Vacate, Set Aside or Correct his sentence under § 2255 without the Fourth Circuit's certification and therefore respectfully recommends that his Petition be **DISMISSED**.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On March 6, 1992, a Criminal Complaint was filed charging Movant with conspiring to distribute LSD in violation of 21 U.S.C. § 846. Shortly thereafter in March, 1992, Movant was charged in an Indictment with possession with the intent to distribute marijuana and LSD in violation of 21 U.S.C. § 841(a)(1). United States v. Kokoski, 5:92-0090. In July, 1992, a four count Superseding Indictment was filed charging Petitioner with conspiracy to distribute and distribution of LSD to a person under twenty-one years of age in violation of 21 U.S.C. §§ 841(a)(1), 846, 856 and 861(a)(1). On July 27, 1994, Petitioner pled guilty to count four of the Superseding Indictment, employing a person under eighteen years old to distribute LSD in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1). Proceedings in United States v. Kokoski, 5:92-0090, were delayed after Plaintiff entered his guilty plea while the Court considered whether Petitioner was competent. *See* United States v. Kokoski, 865 F. Supp. 325 (S.D.W.Va. 1994). Petitioner was found competent, and the Court imposed sentence on September 19, 1994. Petitioner was sentenced to 144 months in prison and a six year term of supervised release and assessed a $5,000 fine. Plaintiff appealed his sentence challenging the District Court's competency determination and denial of credit for acceptance of responsibility. The Fourth Circuit affirmed the District Court's judgment, and the Supreme Court denied *certiorari*. *See* United States v. Kokoski, 83 F.3d 411, 1996 WL 181482 (4th Cir.(W.Va.)), *cert. denied*, 519 U.S. 892, 117 S.Ct. 233, 136 L.Ed.2d 163 (October 7, 1996).

Petitioner was subsequently charged with escape in violation of 18 U.S.C. § 751(a), in United States v. Kokoski, 5:96-0064, pled guilty and was sentenced to 37 months in prison to run concurrent with his earlier sentence and a three year term of supervised release. Petitioner appealed alleging that the District Court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1 because his escape was not a "crime of violence" and he was entitled to a downward adjustment under U.S.S.G. § 2P1.1(b)(3) because his escape was non-violent. The Fourth Circuit affirmed the District Court's judgment on December 19, 2000, and the Supreme Court denied *certiorari* on April 23, 2001. *See* United States v. Kokoski, 238 F.3d 416, 2000 WL 1853389 (4th Cir.(W.Va.)), *cert. denied*, 532 U.S. 999, 121 S.Ct. 1665, 149 L.Ed.2d 646 (2001).

On October 11, 2001, the Court authorized Petitioner's filing of a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in 5:92-0090 though its filing was beyond the time allowed for doing so. The *habeas* proceeding was designated 5:01-0944. (*See* Document No. 194 in 5:01-0944.) The District Court denied Petitioner's Motion by Order filed on October 21, 2003. (Document No. 253 in 5:01-0944.) Petitioner appealed, and in March, 2004, the Fourth Circuit denied him a certificate of appealability and affirmed the District Court's decision. Kokoski v. United States, 90 Fed.Appx. 54 (4th Cir. (W.Va.), Mar 19, 2004), *cert. denied*, 543 U.S. 938, 125 S.Ct. 342, 160 L.Ed.2d 245 (2004).

On January 28, 2002, the Court received documents as they were transferred from the Western District of Washington, Seattle Division, among which was Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. The action was styled Kokoski v. United States, 5:02-0079. The District Court for the Western District of Washington construed Petitioner's Petition as filed under 28 U.S.C. § 2255. The undersigned determined that Petitioner was seeking relief under

3

§ 2255 with respect to his sentence in 5:96-0064. The District Court denied Petitioner's Petition by Order filed on March 15, 2005. (Document No. 139 in 5:02-0079.) Petitioner appealed, and in April, 2006, the Fourth Circuit denied him a certificate of appealability and affirmed the District Court's decision. Kokoski v. United States, 173 Fed.Appx. 263 (4th Cir. (W.Va.), Mar 30, 2006), *cert. denied*, 549 U.S. 1014, 127 S.Ct. 544, 166 L.Ed.2d 402 (2006).

The undersigned finds that the factual basis for the claims which Petitioner raises in the instant case is similar, if not identical, to that underlying his claims for relief under 28 U.S.C. § 2255 in Kokoski v. United States, 5:01-0944 and Kokoski v. United States, 5:02-0079.

## DISCUSSION

The undersigned finds that Petitioner's Petition in this case amounts to a request for relief under § 2255 and in view of Petitioner's § 2255 proceedings in Kokoski v. United States, 5:01-0944, and Kokoski v. United States, 5:02-0079, must be deemed to constitute a successive Petition without certification of the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3). Under these circumstances, the Court has no jurisdiction to consider Petitioner's claims, and this action must be dismissed.

Applications under 28 U.S.C. § 2255 are the exclusive remedy for challenging the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or

by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."

The undersigned has examined Petitioner's Petition for Writ of Habeas Corpus and has concluded that it plainly appears that Petitioner is not entitled to relief in this case. Petitioner persists in claiming as he did in Kokoski v. United States, 5:01-0944, and Kokoski v. United States, 5:02-0079, that his convictions and sentences in United States v. Kokoski, 5:92-0090, and United States v. Kokoski, 5:96-0064, are invalid. Clearly, Petitioner's Petition in the instant case must be regarded a successive Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. As such, the District Court is without jurisdiction to consider Petitioner's Petition because Petitioner has not obtained certification from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).[3] As stated above, when relief under 28 U.S.C. § 2255 is barred procedurally, it is not inadequate or ineffective such that relief under 28 U.S.C. § 2241 becomes available. Accordingly, Petitioner's Petition must be summarily dismissed.

---

[3] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and conclude that the Petitioner's Petitioner for Writ of Habeas Corpus (Document No. 372.) is properly considered a successive motion under 28 U.S.C. § 2255, and that the District Court has no jurisdiction to consider the issues presented by Petitioner's Petition for Writ of Habeas Corpus. Accordingly, it is hereby respectfully **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus (Document No. 372.) and remove this matter from the Court's docket.

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

      The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

      Date: February 12, 2009.

                                      R. Clarke VanDervort
                                      United States Magistrate Judge